**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

IRVIN N. HOYT                                                                                          TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                                  FAX (605) 224-9020

November 7, 2006

Joan E. Powell, Esq.
207 East Capitol Avenue, Suite 3
Pierre, South Dakota  57501

    Subject:  *In re George S. and Deborah L. Nix*,
                  Chapter 7, Bankr. No. 05-42496

Dear Ms. Powell:

    The matter before the Court is a *sua sponte* review of your fees under 11 U.S.C. § 329(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, no fees will be disgorged.

    *Summary*.  George S. and Deborah L. Nix ("Debtors") filed a Chapter 7 petition in bankruptcy on October 16, 2005.  Their bankruptcy attorney was Joan E. Powell.  Attorney Powell reported Debtors paid her $1,000 for her legal services and $269 for the filing fee and other expenses.

    The first meeting of creditors was held December 30, 2005.  On January 9, 2006, Debtor George Nix called the Bankruptcy Clerk's office.  He complained he was having trouble getting his attorney to return his telephone calls and was concerned he would not be able to timely comply with some requests made at the meeting.

    On January 20, 2006, the case trustee, Lee Ann Pierce, filed a motion seeking an order directing Debtors to turn over some money they held. She said Debtors had testified at the meeting of creditors they had a check for $10,052.60 from a life insurance company.  Trustee Pierce wanted Debtors to turn over the $7,098.75 they had not declared exempt.

    Debtors, through Attorney Powell, filed a response on February 1, 2006.  They said they had used the life insurance proceeds to pay some creditors and to pay the funeral expenses for Debtor Deborah Nix's mother.  Debtors also said they had no objection if Trustee Pierce wanted to try to collect the money from the funeral home and the headstone manufacturer.  A hearing on the trustee's turnover motion was set for March 7, 2006.

    On February 24, 2006, Attorney Powell filed a motion asking the Court's permission to withdraw as counsel for Debtors based on

Re:   *George S. and Deborah L. Nix*
November 7, 2006
Page 2


a "conflict of interest."  A hearing on this motion was noticed for March 14, 2006.  The Court then rescheduled the hearing on the trustee's turnover motion so it could be heard at the same time as Attorney Powell's withdrawal motion.

On February 27, 2006, the United States Trustee filed a complaint against Debtors seeking a denial of their discharge for concealing property from the bankruptcy estate (Adversary Proceeding No. 06-4022).  The United States Trustee alleged Debtors had set forth inaccurate information regarding the insurance proceeds, including when they had received it and what they had done with it.  The United States Trustee also alleged Debtor Deborah Nix had inherited a vehicle from her mother before she filed bankruptcy but Debtors had failed to disclose the asset on their schedules or in their Statement of Financial Affairs.

On March 4, 2006, Debtors personally wrote a letter to the Bankruptcy Clerk.  They detailed some of the conversations they had had with Attorney Powell regarding the life insurance proceeds and related matters.  They also discussed the vehicle that was a part of Debtor Deborah Nix's mother's estate.  The letter was docketed as a response to both pending motions.

Debtors retained new counsel, A. Thomas Pokela, to represent them in the adversary proceeding and timely filed an answer on March 27, 2006.  A few months later, the parties resolved the adversary proceeding by stipulation.  Debtors agreed to turn over $7,098.75.  They also agreed not to resist the trustee's efforts to recover the vehicle from the estate of Debtor Deborah Nix's mother.  This settlement also essentially resolved the trustee's turnover motion in the main case.

At the hearing on March 14, 2006, the Court allowed Attorney Powell to withdraw as Debtors' counsel.  The Court also ordered a review of her fees under 11 U.S.C. § 329(b) and directed her to file an itemization of her fees in the case.

Attorney Powell filed a fee itemization.  Therein, she indicated she had spent 8 hours on pre-petition matters, but these services were not itemized by date and services rendered.  Though the services totaled $1,715.00 based on her hourly rate of $175, she stated she only charged Debtors $1,060.00 for her legal services and sales tax, as she had agreed with them.  Attorney Powell also itemized post-petition compensation for services and related expenses totaling $1,857.62.  The United States Trustee timely responded.  He did not oppose Attorney Powell's keeping her pre-petition fees, but he argued none of her post-petition services benefitted the estate and should not be paid from estate assets.

Re:  *George S. and Deborah L. Nix*
November 7, 2006
Page 3


Attorney Powell did not file a claim against the estate for her post-petition fees, and to the Court's knowledge, she has not asked Debtors to pay them.  Accordingly, they are not at issue.

*Discussion*.  Section 329(b) governs a determination of whether fees already received by a debtor's attorney, from whatever source paid, should be disgorged.  The standard applied is whether the compensation received exceeds the reasonable value of the services rendered.  11 U.S.C. § 329(b).  Fees reviewable under § 329(b) include those paid to the debtor's attorney within one year before the petition for legal services in "contemplation of or in connection with the [bankruptcy] case," as well as post-petition services.  11 U.S.C. § 329(a); *Schroeder v. Rouse (In re Redding)*, 247 B.R. 474, 477-78 (B.A.P. 8th Cir. 2000).  The sole purpose behind § 329(b) is to prevent overreaching by a debtor's attorney. *Redding*, 247 B.R. at 478.

The present record does not provide much information on which the Court can accurately assess whether Attorney Powell's charges for her pre-petition work for Debtors was reasonable under the § 329(b) standard.  The total fees for services and costs through the meeting of creditors, however, is within the norm of what other attorneys charge for similar work in this district.  At most, Attorney Powell's hourly rate may be a bit high in light of her bankruptcy law experience.  However, neither the United States Trustee nor Debtors have claimed her pre-petition fees were unreasonable, and the record does not clearly demonstrate they were.  Accordingly, none of the fees Attorney Powell received from Debtors pre-petition will be disgorged.

Attorney Powell's problems with her clients apparently resulted from a lack of timely communication and a failure to adequately investigate -- factually and legally -- the issues surrounding the life insurance proceeds coming to Debtors and then clearly presenting that information to Debtors.  The Court will assume Attorney Powell will attend more timely and industriously to such matters in the future.

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)
This order/judgment was entered on the date shown above.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

INH:sh

cc:  case file (docket original; serve parties in interest)